UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM CURRY JR,

    Petitioner,

v.

ATTORNEY GENERAL et al.,

    Respondents.

Case No. 17-5314-RBL-JRC

**ORDER TO AMEND HABEAS PETITION**

Petitioner, proceeding *pro se,* filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 4. The filing is defective because petitioner has not presented his federal habeas claims on the Court's form for § 2254 habeas petitions, it is directed to the wrong respondent, and petitioner has not properly identified his claims or indicated the procedural history relating to his claims. Petitioner also attempts to include claims challenging the conditions of his confinement. The Court provides petitioner leave to file an amended petition by June 24, 2017 to cure the deficiencies identified herein.

1. Improper Habeas Claims

An "action lying at the core of habeas corpus is one that goes directly to the

ORDER TO AMEND HABEAS PETITION- 1

constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991); *see also Bivens v Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Here, petitioner challenges both the fact or duration of his confinement and his conditions of confinement. The claims challenging the fact or duration of his confinement may be considered as part of this habeas petition, but the claims challenging his conditions of confinement can only be considered in a separate § 1983 civil rights complaint. Petitioner challenges the fact and duration of his confinement by alleging that he is wrongfully confined as a sexually violent predator based on a fraudulent mental health diagnosis. Dkt. 4 at 1, 53. Petitioner contends that the state court failed to investigate his mental disorder. Dkt. 4 at 6. Petitioner contends that the state court refused to dismiss the fraudulent probable cause warrant, failed to disclose evidence, and denied his request for a *Frye* hearing. *Id.* at 9, 11, 12. Petitioner contends that the prosecution engaged in misconduct by providing erroneous instructions and speculative evidence. *Id.* at 14. Petitioner also contends he received ineffective assistance of counsel. Dkt. 4 at 18.

Petitioner challenges his conditions of his confinement by alleging that his Eighth Amendment right to be free of cruel and unusual punishment was violated when petitioner was illegally detained. Dkt. 4 at 18. Petitioner also contends that his equal protection rights were violated because he has been treated differently than others who are confined in Washington state. *Id.* Petitioner's Eighth Amendment and equal protection claims do not challenge the fact or

duration of his custody and cannot form the basis of habeas relief. These claims must be brought in a §1983 civil rights complaint. *See Alcala v. Rios*, 434 Fed. Appx. 668, 669-70 (9th Cir. 2011) (finding claims challenging the conditions of confinement were not cognizable as a federal habeas petition and should be brought as a civil rights action). Petitioner may file a separate civil cause of action raising his § 1983 claims.

2. Amended Habeas Petition

If petitioner wishes to proceed on his claims challenging the fact or duration of his custody under § 2254, he must file an amended petition containing only claims challenging the fact or duration of his detention.

First, under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who has custody." Here, petitioner names Brian Judd, the SCC, the Attorney General's Office and the Department of Social and Health Services as respondents. Dkt. 4. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to his petition, petitioner is currently confined at the SCC. The CEO of the SCC is William Van Hook, and therefore, Mr. Van Hook is the appropriate respondent.

Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d).

ORDER TO AMEND HABEAS PETITION- 3

Based on petitioner's filing, the Court is unable to determine whether petitioner properly exhausted the remedies available in the Washington state courts. Petitioner is advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

Moreover, the Court cannot determine whether the petition has been timely filed in this Court. 28 U.S.C. § 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"

## CONCLUSION

If petitioner intends to pursue this habeas action, he must file an amended petition complying with Rule 2 of the Rules Governing Section 2254 Cases on the form provided by the Court. Petitioner must include only claims challenging the fact or duration of his custody. The amended petition must also be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the original petition, and not as a supplement.

If petitioner fails to adequately address the issues raised herein and file an amended petition on or before June 24, 2017, the undersigned will recommend dismissal of this action. The Clerk is directed to provide petitioner with the forms for filing a petition for habeas corpus relief pursuant

to 28 U.S.C. § 2254 and forms for filing a civil rights complaint. The Clerk is further directed to provide copies of this Order to petitioner.

Dated this 24th day of May, 2017.

J. Richard Creatura
United States Magistrate Judge

ORDER TO AMEND HABEAS PETITION- 5