UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM CURRY, JR.,

                Petitioner,

v.

WILLIAM VAN HOOK,

                Respondent.

CASE NO. 3:17-cv-05314-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: NOVEMBER 3, 2017

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

    Petitioner William Curry, Jr., seeks habeas relief, claiming that Washington's sexually violent predator statute is inappropriate as applied to him for a variety of reasons. However, petitioner has not yet received any judgment designating him a sexually violent predator and he has not presented any of his claims for review by the state court. Therefore, the Court

REPORT AND RECOMMENDATION - 1

recommends that the Honorable Ronald B. Leighton dismiss the habeas petition without prejudice.

## BASIS FOR CUSTODY, FACTS, AND PROCEDURAL HISTORY

Petitioner is a pretrial detainee awaiting trial to determine whether he should be civilly committed as a sexually violent predator pursuant to RCW 71.09. On January 20, 2009, the State filed a petition to have petitioner civilly committed to the Special Commitment Center ("SCC") as a sexually violent predator. Dkt. 14-1 at 21-22. In a stipulated order, the trial court found probable cause that petitioner is a sexually violent predator and ordered his detention at SCC pending trial. *Id*. at 3-4. Subsequently, petitioner refused to comply with a March 3, 2011 order to participate in an RCW 71.09.040(4) evaluation by the State's mental health expert. *Id*. at 24-25. The trial court held petitioner in contempt of court and stayed his proceedings until he complies with the order to undergo evaluation. *Id*. In the trial court's last review on May 5, 2017, petitioner again refused to undergo evaluation and, to the Court's knowledge, his case remains stayed. *Id*. at 28. Petitioner has not yet presented any of his claims to the state court for review.

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d). Petitions under this section are appropriate to challenge a "judgment of a State court only on the grounds he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). Further, the

1  Court will only entertain habeas petitions once petitioner has exhausted his available remedies in
2  state court. 28 U.S.C. § 2254 (b)(1).

### EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 131 S. Ct. at 1388. A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 131 S. Ct. 1388 (2011).

Here, petitioner has filed his habeas petition without receiving a judgment and without exhausting his available state court remedies. Because of this, the Court declines to address petitioner's claims on the merits. Therefore, the Court concludes that an evidentiary hearing is not necessary to decide this case at this time.

### DISCUSSION

**I.    Lack of State Judgment**

Petitioner asks this Court to release him from custody, alleging, among other things, that his mental health diagnoses do not rise to the level required by Washington's sexually violent predator statute. Federal habeas petitions under § 2254 are limited to petitions by prisoners "in custody under a state-court judgment . . . ." Rules Governing Section 2254 Cases, Rule 1(a)(1).

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a).

Here, petitioner has not yet been tried and designated a sexually violent predator, and therefore is not currently restrained pursuant to a judgment of a state court. All of petitioner's grounds are based on his mental diagnoses, how they are allegedly being wrongfully interpreted, the invalidity of the statute itself, and the State's inability to produce sufficient evidence. *See generally* Dkt. 6. Yet petitioner has not yet been designated a sexually violent predator pursuant to the statute. Rather, petitioner was being detained on pretrial grounds and is now held under a contempt of court order. Petitioner does not explain how his current pretrial restraint is unconstitutional or otherwise in violation of the laws of the United States. Therefore, the Court recommends dismissing the habeas petition without prejudice.

## II.  Failure to Exhaust

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claims are only exhausted after "the state courts [have been given] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

1     Here, petitioner has not presented any of his claims to the state courts for review. Indeed,
2 petitioner states that he has purposefully neglected to file a state action. For example, he notes
3 that he did not raise his first ground in state court because "I'm being rail roaded in to [sic]
4 having a current mental disorder and being punished for not giving the state another bit[e] at the
5 apple in violation of my Constitutional Rights." Dkt. 6 at 5. *See also id*. at 7, 9-10. However, he
6 does not allege that the state courts improperly rejected his arguments or that anybody at SCC
7 unlawfully prevented him from filing his action with the state court. Because petitioner has not
8 yet filed an action alleging his habeas grounds in state courts, the state courts have not received a
9 full opportunity to resolve the constitutional issues and this Court will not entertain such a
10 habeas petition. *O'Sullivan*, 526 U.S. at 845. Therefore, the Court recommends dismissing
11 petitioner's habeas petition without prejudice. Petitioner may refile his petition after he has
12 received a judgment and has fully exhausted his state court remedies.

### CERTIFICATE OF APPEALABILITY

14     Petitioners seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district
15 court's dismissal of the federal habeas petition only after obtaining a certificate of appealability
16 (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner
17 has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §
18 2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could
19 disagree with the district court's resolution of his constitutional claims or that jurists could
20 conclude the issues presented are adequate to deserve encouragement to proceed further."
21 *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484
22 (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a
23 certificate of appealability with respect to this petition.

24

**CONCLUSION**

Petitioner has not received a final judgment from his sexually violent predator trial and has not presented any of his habeas claims at any level of state court. Therefore, his petition is not yet ripe and he has not yet exhausted his state remedies. Because of this, the Court recommends that Judge Leighton dismiss the habeas petition without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **November 3, 2017**, as noted in the caption.

Dated this 12th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge